UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENELLE NARINE,

    Plaintiff,                                        CASE NO.:

v.

RAPID WEB SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, RENELLE NARINE, sues Defendant, RAPID WEB SERVICES, LLC, and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

### PARTIES

3. Defendant, RAPID WEB SERVICES, LLC ("Rapid Web" or

"Defendant") is a Florida Corporation engaged in business in Pinellas County, Florida.

4. Plaintiff, Renelle Narine ("Narine" or "Plaintiff"), is a former employee of Defendant Rapid Web who, at all times herein, worked and resided in Pinellas County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

11. Plaintiff then received a Notice of Right to Sue from the EEOC. This

Complaint is filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, Florida Statutes, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was an employee of Defendant Rapid Web working at the 146 Second Street North, St. Petersburg, Florida, location.

14. This Court has federal question jurisdiction and Plaintiff seeks pendant jurisdiction on her state law claims.

15. At all times relevant hereto, Plaintiff's performance was more than satisfactory.

16. At all times relevant hereto, Plaintiff worked as graphic designer, a position she held until she was discharged.

17. At all times relevant, Plaintiff suffered from a long term medical impairment that substantially limited one or more of her major life activities.

18. While Plaintiff was pregnant, Plaintiff was diagnosed with breast cancer. Due to her pregnancy and her breast cancer, Plaintiff's medical condition

substantially limited ability to perform several of her major life activities and Plaintiff required bed rest and numerous medical appointments.

19.  In July of 2021, Plaintiff was informed that she was not FMLA eligible but that she could use her two weeks of accrued PTO.

20.  In August of 2021, because of her cancer treatments, her inability to function and complications of her pregnancy, Plaintiff requested she be given an extended leave of absence until February 8, 2022.  Defendant refused, telling Plaintiff she was not FMLA eligible and that she would be discharged on October 18, 2021.  Defendant then cancelled Plaintiff's health insurance on October 1, 2021.

21   In early October 2021, Plaintiff called Nellie Sela of Rapid Web human resources and complained about being denied medical leave as an accommodation, complained about her insurance being cancelled and told human resources that Defendant was violating her rights under the Americans with Disabilities Act ("ADA").  Plaintiff told Ms. Sela that she was going to take legal action if Rapid Web refused to reconsider.

22.  On October 19, 2021, Rapid Web told Plaintiff it was placing her back on insurance through the end of October 202, after which she could get COBRA coverage.  While Rapid Web told Plaintiff she would not be officially discharged until February 8, 2022, she was told that on that date, her job would be over.  Rapid Web further required Plaintiff to go on COBRA starting November 1, 2021, a right

she was eligible for after a discharge. Rapid Web effectively discharged Plaintiff as October 31, 2021, and refused Plaintiff's request for a reasonable accommodation of medical leave for a time certain (through February 8, 2022).

23. Following February 8, 2022, when Plaintiff was ready to return to work, Rapid Web instead placed an ad for her graphic designer position and hired another designer.

24. Rapid Web took no effort to provide Plaintiff with a reasonable accommodation.

25. The allegations in paragraphs 13 through 25 above represent only a fraction of the discriminatory treatment and conduct by Defendant directed at Plaintiff.

## COUNT I
## Disability Discrimination

26. Narine realleges paragraphs 1 through 25 as if fully alleged herein.

27. This action is brought pursuant to the Americans with Disabilities Act ("ADA") and Florida Civil Rights Act, Florida Statutes Chapter 760 ("Chapter 760").

28. Narine, at all times relevant, was disabled, had a history of disability and was regarded as disabled by Defendant.

29. Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Narine to discriminatory treatment

in violation of the ADA and Chapter 760 based on her disability and her request for reasonable accommodations and/or its perception that Plaintiff is disabled by firing Narine.

30. The above-described discriminatory conduct adversely affected the terms and conditions of Narine's employment and interfered with Narine's emotional well-being.

31. Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 13 through 25.

32. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Narine from further discrimination, Narine suffered emotional distress.

33. Defendant violated the ADA and Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 13 through 25.

34. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

35. Narine is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other

discriminatory practices against her which are not yet fully known.

36. Narine has dual filed a Charge of Discrimination with the EEOC and FCHR. The EEOC issued a right to sue. Over 180 days have passed since her filing. Plaintiff has exhausted her administrative remedies.

37. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Narine has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Narine is thereby entitled to general and compensatory damages in amounts to be proven at trial.

38. As a further direct and proximate result of Defendant's violation of the ADA and Chapter 760, as heretofore described, Narine has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Narine. Narine requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable federal and state law.

39. Narine is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and

purpose of injuring her. Narine is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Narine is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

40. Plaintiff Narine demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff Narine prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

**COUNT II**
**Failure to Accommodate – ADA and FCRA**

41. Narine realleges paragraphs 1 through 25 as if fully alleged herein.

42. This action is brought pursuant to the Americans with Disabilities Act ("ADA") and Florida Civil Rights Act, Florida Statutes Chapter 760 ("Chapter 760").

43. At all times relevant, Defendant employed over 15 employees.

44. Narine, at all times relevant, was disabled and/or was regarded as disabled by Defendant.

45. Narine has dual filed a Charge of Discrimination with the EEOC and

FCHR. The EEOC issued a right to sue. Over 180 days have passed since her filing. Plaintiff has exhausted her administrative remedies.

46. Defendant, through its agents and/or supervisors, engaged in a pattern and practice of unlawful discrimination by failing to make reasonable accommodations for Narine's disability. Rather than allow Narine to return to work on February 8, 2022, after medical leave, Rapid Web fired her.

47. The above-described discriminatory conduct adversely affected the terms and conditions of Narine' employment.

48. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 13 through 25.

49. As a result of Defendant's failure to accommodate Narine, Narine suffered emotional distress.

50. Defendant violated the ADA and Chapter 760 by failing to adequately make reasonable accommodations for Narine in the workplace.

51. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

52. Narine is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known.

53. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Narine has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Narine is thereby entitled to general and compensatory damages in amounts to be proven at trial.

54. Narine is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice and with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Narine is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Narine is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

55. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Narine has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Narine. Narine requests that attorneys' fees and costs be

awarded pursuant to the ADA and Chapter 760 and applicable Federal and State law.

56. Narine demands trial by jury on all issues so triable.

WHEREFORE, Narine prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, punitive damages, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees and costs and such other relief as this Court deems proper.

## COUNT III
### Pregnancy/Sex Discrimination

57. Narine realleges paragraphs 1 through 25 as if fully alleged herein.

58. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII") and Florida Civil Rights Act ("Chapter 760").

59. Narine, at all times relevant, was female and when the discriminatory decisions were made, was pregnant.

60. Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Narine to discriminatory treatment in violation of Title VII and Chapter 760 based on her sex and pregnancy by firing Narine.

61. The above-described discriminatory conduct adversely affected the terms and conditions of Narine's employment and interfered with Narine's

emotional well-being.

62. Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 13 through 25.

63. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Narine from further discrimination, Narine suffered emotional distress.

64. Defendant violated Title VII and Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 13 through 25.

65. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

66. Narine is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known.

67. Narine has dual filed a Charge of Discrimination with the EEOC and FCHR. The EEOC issued a right to sue. Over 180 days have passed since her filing. Plaintiff has exhausted her administrative remedies.

68. As a direct and proximate result of Defendant's willful, knowing and

intentional discrimination against her, Narine has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Narine is thereby entitled to general and compensatory damages in amounts to be proven at trial.

69. As a further direct and proximate result of Defendant's violation of the ADA and Chapter 760, as heretofore described, Narine has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Narine.  Narine requests that attorneys' fees and costs be awarded pursuant to Title VII, Chapter 760 and applicable federal and state law.

70. Narine is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Narine is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Narine is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

71. Plaintiff Narine demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff Narine prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT IV
## Retaliation – Title VII, ADA and FCRA

72. Narine realleges paragraphs 1 through 25 as if fully alleged herein.

73. This action is brought pursuant to the ADA, Title VII and The Florida Civil Rights Act (FCRA); Florida Statutes Chapter 760 ("Chapter 760").

74. At all times relevant, Defendant employed over 15 employees.

75. Narine has repeatedly requested reasonable commendations and has complained to Rapid Web about being denied an accommodation for her pregnancy and her disability. These complaints constitute protected activity under the ADA, Title VII and under Chapter 760.

76. Defendant engaged in retaliation against Narine after she complained and after she sought a reasonable accommodation for her qualifying disability when it reduced her hours and then fired her.

77. Narine is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other

retaliatory practices against her which are not yet fully known.

78. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against her, Narine has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress. Narine has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Narine is thereby entitled to general and compensatory damages in amounts to be proven at trial.

79. Narine has dual filed a charge of discrimination for retaliation with the EEOC and FCHR. The EEOC has issued a right to sue. Over 180 days have passed since her filing. Narine has exhausted her administrative remedies.

80. Narine is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Narine is further informed and believes that Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Narine is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

81. As a further, direct and proximate result of Defendant's violation of the ADA and Chapter 760 as heretofore described, Narine has been compelled to retain

the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Narine requests that attorneys' fees and costs be awarded pursuant to the ADA, Title VII, and Chapter 760 and applicable federal and state law.

82. Plaintiff Narine demands trial by jury on all issues so triable.

WHEREFORE, Narine prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, punitive damages, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees and costs and such other relief as this Court deems proper.

Dated: April 19, 2023

Respectfully Submitted,

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No.: 907804
wflorin@fgbolaw.com
Miguel Bouzas
Florida Bar No.: 48943
miguel@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
cgray@fgbolaw.com

        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 220-4000
        Facsimile (727) 483-7942
        Attorneys for Plaintiff